UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERT E. BROCK, ET AL.,**<br><br>    Plaintiffs,<br><br>    v.<br><br>**CONCORD AUTOMOBILE DEALERSHIP LLC, ET AL.,**<br><br>    Defendants. | Case No.  14-cv-01889-YGR<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND; CONTINUING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. Nos. 43, 44 |

Plaintiffs, former employees of defendant Lexus of Concord and their spouses, initiated this action on April 24, 2014. (Dkt. No. 1.) Various defendants filed motions to dismiss on June 16, 2014. (Dkt. Nos. 22, 23.) Thereafter, the Court granted stipulated requests allowing the motions to dismiss to be withdrawn and permitting plaintiffs to file an amended complaint. (Dkt. Nos. 27, 29.) Plaintiffs filed their First Amended Complaint on September 9, 2014, asserting twenty six causes of action, against defendants Concord Automobile Dealership LLC d/b/a Lexus of Concord ("Concord"), Toyota Motor Sales U.S.A., Inc., Hank Torian, Patrick Miliano, and Greg James. (Dkt. No. 32 ("FAC").) On December 22, 2014, defendant Miliano filed a motion to dismiss the FAC. (Dkt. No. 43.) That same day, defendants Concord, Torian, and James also filed motions to dismiss and strike. (Dkt. No. 44.) Plaintiffs oppose the motions. (Dkt. Nos. 45, 47.)[1]

---

[1] In connection therewith, plaintiffs request the Court take judicial notice of a number of state court documents from actions initiated by certain plaintiffs resulting in civil restraining orders issued against Miliano. (Dkt. No. 46.) At this early stage, on a motion to dismiss, defendants have not challenged specific factual allegations in the complaint with contrary evidence, and plaintiffs have not explained how these documents are relevant to a determination of whether the specific factual allegations in the pleadings, taken as true, plausibly state a claim upon which relief can be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Having reviewed the papers submitted and the pleadings,[2] and good cause shown, the Court hereby **GRANTS** defendants' motions to dismiss **WITH LEAVE TO AMEND**.[3]

The complaint generally relates to alleged abuse of the "Spiff" sales bonus program by former Concord sales manager Miliano, whereby he would file false bonus forms in the names of various plaintiffs and take the bonus cash for himself (and possibly others), at the same time subjecting those employees to increased tax liability for funds they had in fact not received. (*See, e.g.*, FAC ¶ 64.) It also alleges other improper conduct by Miliano such as use of racial epithets, bringing guns and swords into the workplace, and making threats of violence. (*See, e.g.*, *id.* ¶¶ 37, 85, 87.) Additionally, it alleges plaintiffs suffered retaliation for whistleblowing activity regarding Miliano's conduct. (*See, e.g.*, *id.* ¶ 33.) Causes of action include purported violations of Title VII of the Civil Rights Act of 1964, fraud and deceit, conversion, breach of the covenant of good faith and fair dealing, negligence, intentional infliction of emotional distress, violations of various provisions of California's Labor Code, and loss of consortium, among others.

The FAC, which appears to be pled entirely "on information and belief," is not a model of clarity. It falls far short of satisfying Rule 8 in a number of respects. *See* Fed. R. Civ. P. 8 (requiring "short and plain" statements of the grounds for jurisdiction and of each claim "showing that the pleader is entitled to relief"). For instance, the FAC suffers from the following non-exhaustive list of deficiencies:

- The statement of jurisdiction (among other sections of the FAC) inexplicably includes long excerpts from the California code, confusingly embedding the actual claimed basis for jurisdiction in the midst of seemingly irrelevant material. (*See, e.g.*, FAC ¶ 5.)

- Certain claims indicate they are asserted only by some of the plaintiffs or only

---

[2] The Court has determined that the motion is appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78, and therefore **VACATES** the hearing scheduled for February 3, 2015. *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

[3] Leave to amend is liberally granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Chodos v. West Pub. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002).

against certain defendants.  Plaintiffs concede, however, that they failed to define properly the relevant parties in all instances (e.g., the loss of consortium claim is intended to apply only as to plaintiff spouses, and other claims are not intended to apply as to plaintiff spouses, but this is not made apparent on the face of the complaint).  (*See, e.g.*, Dkt. No. 47 at 6 ("Plaintiffs will move, and hereby do move, this court for an administrative order permitting Plaintiffs to make an administrative amendment to the FAC to reflect that all causes of action, except the 22nd, are claims of the Plaintiff-Employees or former employees of Defendant LOC.").)

- Allegations are made generally as to "DEFENDANT EMPLOYERS" without clearly defining which defendants are intended to fall within that category.
- Allegations are made generally as to *all* "PLAINTIFFS" throughout the FAC in circumstances where they likely pertain only to plaintiff employees, but not their spouses.  (*See, e.g*., FAC ¶ 81.)
- Conclusory allegations are made as to *all* plaintiffs, however the supporting specific factual allegations only concern certain, not all, plaintiffs.
- As apparently conceded by plaintiffs, certain other claims also fall short of presenting the requisite clarity.  (*See, e.g.*, Dkt. No. 47 at 12-13 ("Though not pled explicitly, Plaintiffs' seventh cause of action is supported by Civil Code section 51.7.  Should this court require it, Plaintiffs can amend to more explicitly state the seventh cause of action as a violation of the Ralph Act.").)

Without further clarity, the Court will not waste judicial resources to analyze in detail all of the legal issues raised by defendants when doing so would require making assumptions as to the scope of any particular cause of action.  Therefore, in light of these issues and plaintiffs' concessions, the FAC is dismissed and plaintiffs given leave to amend to correct these deficiencies.  Plaintiffs should bear in mind that in the course of litigation, should this case proceed through motions for summary judgment and/or trial, much greater clarity is required, including as to which claim is brought by which plaintiff against which defendant.

Accordingly, plaintiffs shall file a Second Amended Complaint ("SAC") within **fourteen (14) days** from the date of this Order. The SAC must not exceed 75 pages without permission from the Court and must comply with all applicable rules as to form. Plaintiffs are strongly cautioned to revise substantially their complaint and focus solely on the relevant factual allegations without unnecessary facts or legal argument. Any SAC must specify clearly which causes of action are asserted by which plaintiffs and against which defendants and which facts support each otherwise conclusory allegation. It must satisfy the requirements of Rule 8 and provide "*a short and plain statement* of [each] claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8 (emphasis added). Additionally, allegations of fraud or fraudulent conduct must satisfy Rule 9(b)'s heightened pleading standard. Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."); *see also Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (To be alleged with particularity under Rule 9(b), a plaintiff must allege "the 'who, what, when, where, and how'" of the alleged fraudulent conduct.)

Due to the FAC's failure to clearly identify which claims are brought by which plaintiffs against which defendants, the SAC shall also include as an exhibit thereto a chart which clearly presents each cause of action and indicates which plaintiff(s) assert the cause of action against which defendant(s).

Defendants shall file their responses to the SAC within **fourteen (14) days** from when the SAC is filed.

In light of this Order, the Case Management Conference scheduled for February 3, 2015 is **CONTINUED** to **March 30, 2015** on the Court's 2 p.m. calendar.

This Order terminates Docket Nos. 43 and 44.

**IT IS SO ORDERED.**

Dated: January 29, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**