UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. BROCK, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CONCORD AUTOMOBILE DEALERSHIP LLC, et al.,<br><br>Defendants. | Case No. 14-cv-01889-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS**<br><br>Re: Dkt. No. 81, 82 |

This action was brought by nine current and former employees of Concord Automobile Dealership LLC dba Lexus of Concord LLC (Robert Brock, Jr., Amanda Bo Denton, Jeffrey Lao, Kamal Dayekh, Wilson Woo, Christopher Montoya, Francisco Ubaldo, Jamal Khan, and Christopher Navarro) as well as the spouses of Brock and Dayekh (Teresa Brock and Wissam Halhoul). Plaintiffs assert 24 causes of action, which generally arise from the workplace environment at Lexus of Concord and an alleged scheme to steal Plaintiffs' bonuses and related death threats made by one of the Defendants. The Defendants are Lexus of Concord and two high-level employees: Patrick Miliano, the General Sales Manager; and Hank Torian, the owner of Lexus of Concord.

Pending before the Court are two motions to dismiss certain causes of action alleged in the Plaintiffs' Third Amended Complaint ("TAC"): one filed by Lexus of Concord and Torian ("Concord Defendants") and another filed by Miliano. *See* Dkt. Nos. 81, 82. The Court has carefully considered the arguments raised by the parties and, for the reasons stated below, **GRANTS IN PART** and **DENIES IN PART** those motions.

**I.  FACTUAL BACKGROUND**

The facts giving rise to this action were discussed at length in the Court's order resolving

1  Defendants' first pair of motions to dismiss. *See Brock v. Concord Automobile Dealership*, No.
2  14-cv-01889-HSG, 2015 WL 3466543 (N.D. Cal. June 1, 2015). This order assumes a working
3  knowledge of those facts.

## II. LEGAL STANDARD

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain sufficient facts to state a plausible claim on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id*. at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). If the court dismisses the complaint, it should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted). When a party repeatedly fails to cure deficiencies, however, the court may order dismissal without leave to amend. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

## III. DISCUSSION

### A. Defendant James

The Concord Defendants move to dismiss Greg James as a defendant in this action given that the Court dismissed all causes of action asserted against him in the SAC. Plaintiffs respond that no further action by the Court is required because James has already been dismissed without

prejudice, and that the TAC was amended to remove his name from the caption and causes of action asserted. The Court agrees with Plaintiffs. James is not a defendant in this case at this time. Plaintiffs may file a timely motion for leave to amend the TAC to assert claims against James should discovery reveal a good faith basis for liability.

### B. Fifth and Eleventh Causes of Action: Fraud and Conversion

In its June 1st order, the Court granted the Defendants' motions to dismiss the fraud and conversion causes of action arising from the alleged Spiff bonus scheme for failure to sufficiently delineate the alleged facts supporting each cause of action as to each Plaintiff. The Court also noted that the SAC did not contain sufficient facts to determine whether Plaintiffs' claims were more properly asserted under a theory of fraud or conversion (or both) and provided guidance regarding the factual allegations necessary to plead each claim. The Plaintiffs restated their fraud and conversion claims in the TAC, and Defendants have renewed their motions to dismiss.

#### 1. Fraud

To plead the elements of fraud, a plaintiff must allege "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Lazar v. Superior Court*, 12 Cal.4th 631, 638 (Cal. 1996). Additionally, where a complaint includes allegations of fraud, Federal Rule of Civil Procedure 9(b) requires greater specificity in the pleadings, including an account of the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004) (citation omitted); *see also In re Rigel Pharm, Inc. Sec. Litig.*, 697 F.3d 869, 876 (9th Cir. 2012) (requiring particularized allegations, "including identifying the statements at issue and setting forth what is false or misleading about the statement[s] and why the statements were false or misleading at the time they were made").

Miliano argues that Plaintiffs' fraud claims must fail because the TAC does not allege that any of the Plaintiffs relied on a statement *made by Miliano* to their detriment. The Court agrees. Plaintiffs allege that they paid excessive taxes in reliance on W-2 statements provided to them by Lexus of Concord, not Miliano. *See, e.g.*, TAC ¶ 209 ("Defendant Miliano made a false

representation regarding the Spiff wages earned by Mr. Lao by presenting false and forged Spiff vouchers to LOC."); *id.* at ¶¶ 211, 215-19, 222. Accordingly, although Miliano was intimately involved in the fraudulent conduct, Lexus of Concord is the proper defendant for the fraud claims alleged in the TAC.

The Concord Defendants argue that the fraud claims asserted against Lexus of Concord must be dismissed because the Plaintiffs' reliance on their employer-provided W-2 statements was not justifiable. This argument, however, cannot be resolved at the pleading stage. Except in rare cases where the undisputed facts leave no room for a contrary conclusion, "the question of whether a plaintiff's reliance is reasonable is a question of fact." *Blankenheim v. E.F. Hutton & Co.*, 217 Cal. App. 3d 1463, 1475 (1980). This is not that rare case. It is not facially unreasonable for an employee to rely on the wage calculations of his or her employer, even if the employee had the ability to cross-check those calculations.

Accordingly, the Court **GRANTS** with prejudice Miliano's motion to dismiss the fifth cause of action as to Miliano and **DENIES** the Concord Defendants' motion to dismiss the fifth cause of action as to Lexus of Concord.

### 2. Conversion

Conversion is the "wrongful exercise of dominion over the property of another." *Spates v. Dameron Hosp. Ass'n*, 114 Cal. App. 4th 208, 221 (2003). "The elements of a conversion are [1] the plaintiff's ownership or right to possession of the property at the time of the conversion; [2] the defendant's conversion by a wrongful act or disposition of property rights; and [3] damages." *Id.*

Miliano argues that Plaintiffs' conversion claims must be dismissed because the Plaintiffs either fail to allege that they were entitled to the bonuses allegedly converted, or that Miliano was the person who converted their bonuses. Plaintiffs assert two responses: (1) Brock, Lao, Denton, and Ubaldo have alleged conversion based on the fact that Miliano's actions caused Lexus of Concord to over-withhold their wages based on their over-reported earnings; and (2) Montoya, Woo, and Navarro expressly state that they were due Spiff bonuses and that Miliano was the person to take them.

4

Neither party is completely right. Brock, Lao, Denton, and Ubaldo cannot maintain a claim for conversion against Miliano when they allege that Lexus of Concord, not Miliano, over-withheld their wages. *See* TAC ¶¶ 256-57. These facts support a conversion cause of action against Lexus of Concord alone. However, the Court agrees with Plaintiffs that the TAC alleges sufficient facts to support Montoya, Woo, and Navarro's conversion claims against Miliano. Each of these three Plaintiffs alleges that they were entitled to Spiff bonuses, which Miliano improperly withheld. *See* TAC ¶¶ 263-68, 271-74.

The Concord Defendants seek to dismiss the conversion claim pled against Lexus of Concord on two grounds: (1) that the money allegedly converted was not held by Lexus of Concord, but was paid by the Plaintiffs themselves to unnamed taxing authorities; and (2) that Plaintiffs have not alleged the exact amount they claim was converted. The Concord Defendants are incorrect on both counts.

First, the Plaintiffs allege that Lexus of Concord over-withheld money from their wages. *See* TAC ¶¶ 256-74. That Lexus of Concord may have ultimately transmitted that money to a government authority does not change the fact that Lexus of Concord allegedly took possession of property to which the Plaintiffs were entitled. In other words, and contrary to what appears to be the Concord Defendants' suggestion, a defendant cannot defeat a conversion claim by spending the money converted. Conversion imposes liability for interference with property belonging to another, not the keeping of that property. *See generally Welco Elecs., Inc. v. Mora*, 223 Cal. App. 4th 202, 212 (2014) ("That the taking was something that affected plaintiff's rights with a third party does not mean that there has not been a conversion of intangible property."); *Edwards v. Jenkins*, 214 Cal. 713, 719-20 (1932) (brokerage house that had contractual duty to deliver shares of stock to plaintiff, but sent them instead to office of corporation, is liable for conversion).

Second, as the Court explained in its June 1st order, a plaintiff is not required to plead the exact amount of money allegedly converted by the defendant. *See Brock*, 2015 WL 3466543 at *6. Instead, the plaintiff need only allege conversion of "a sum that is 'capable of identification'" in order to survive the pleading stage. *Id.* (quoting *Natomas Gardens Inv. Grp., LLC v. Sinadinos*, 710 F. Supp. 2d 1008, 1023 (E.D. Cal. 2010)). The exact amount of Plaintiffs' paychecks that

5

1  Lexus of Concord allegedly over-withheld appears to be at least capable of identification, and
2  thus, Plaintiffs' conversion claims may move forward.
3       Accordingly, the Court **GRANTS** with prejudice Miliano's motion to dismiss the eleventh
4  cause of action brought by Brock, Lao, Denton, and Ubaldo and **DENIES** Miliano's motion to
5  dismiss the eleventh cause of action as to Montoya, Woo, and Navarro.  *See Ferdik*, 963 F.2d at
6  1261.  The Court **DENIES** the Concord Defendants' motion to dismiss the eleventh cause of
7  action as to Lexus of Concord.

### C. Sixth Cause of Action: Assault

Miliano moves to dismiss Woo's claim for assault on the ground that it is barred by the statute of limitations because Woo's new allegation in the TAC occurred more than two years before the date of filing.  *See* Cal. Civ. Code § 335.1 (two-year statute of limitations for assault claims).

The Federal Rules of Civil Procedure provide that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]"[1]  Fed. R. Civ. P. 15(c)(1)(B).  Like Rule 15(a)'s leave standard, "the relation back doctrine is to be liberally applied" as its purpose "is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities."  *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) (internal quotation marks omitted).  To relate back, "the original and amended pleadings [must] share a common core of operative facts so that the adverse party has fair notice of the transaction, occurrence, or conduct called into question."  *Id.* (citation omitted); *see also Pointe San Diego Residential Cmty., L.P. v. Procopio, Cory, Hargreaves & Savitch, LLP*, 195 Cal. App. 4th 265, 277 (2011) ("An amended complaint relates back to an earlier complaint if it is based on the same general set of facts, even if the

---

[1] "Where, as here, state law provides the applicable statute of limitations, an amended complaint may relate back to the filing of the original complaint if it satisfies either state or federal law on relation back."  *Estate of Joshua Claypole v. Cty. of San Mateo*, No. 14-CV-02730-BLF, 2016 WL 127450, at *12 (N.D. Cal. Jan. 12, 2016) (quoting *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1200 (9th Cir. 2014)).  Here, the Court's decision is the same under state and federal law.

6

plaintiff alleges a different legal theory or new cause of action.").

Under both California and federal law, Woo's assault claim does not relate back to the allegations in the earlier complaints. "[T]he critical inquiry is whether [Miliano] had adequate notice of the claim based on the original pleading," *Pointe*, 195 Cal. App. 4th at 277; *see Williams v. Boeing Co.*, 517 F.3d 1120, 1133 n.9 (9th Cir. 2008). The Court finds that he did not. To begin with, the previous complaints explicitly limited the assault cause of action to Plaintiffs Brock, Lao, and Dayekh. SAC ¶ 216. Miliano had no reason to suspect that he would face an assault cause of action brought by Woo. More significantly, the factual allegations in the earlier complaints did not provide Miliano notice of any such claim. *See Davaloo v. State Farm Ins. Co.*, 135 Cal. App. 4th 409, 416 (2005) (holding that the court's analysis requires a comparison of the factual allegations in the original and amended complaints). While the earlier complaints generally alleged that Miliano mistreated and abused Woo, made derogatory remarks, and threatened him, *see, e.g.*, SAC ¶¶ 144-47, the complaints did not apprise Miliano of a March 2013 incident where Miliano "got into Mr. Woo's face," "challenged him to fight," and swung at Woo with his fists, causing Woo "imminent apprehension of a harmful or offensive contact." *See* TAC ¶ 232; *see Boyle v. City of Redondo Beach*, 70 Cal. App. 4th 1109, 1119, 83 Cal. Rptr. 2d 164, 170 (1999) (holding there was no relation back where the amended complaint "alleged a different set of facts and referred to a later incident and to a different injury, as compared to the original complaint").

In light of the core requirements of and policy considerations underlying Rule 15, the Court finds Woo's assault claim time-barred, and **GRANTS** Miliano's motion to dismiss.

### D. Seventh Cause of Action: Workplace Violence

The Ralph Act, California Civil Code § 51.7, provides that "all persons within California have the right to be free from any violation, or intimidation by threat of violence, committed against the person on account of race."[2] *Knapps v. City of Oakland*, 647 F.Supp.2d 1129, 1167 (N.D. Cal. 2009) (citing § 51.7). A claim brought under § 51.7 requires a plaintiff to plead four

---

[2] The Ralph Act also protects individuals based on sex, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, and sexual orientation. *See* Cal. Civ. Code §§ 51.7(a), 51(b).

7

1   elements: (1) the defendant threatened or committed violent acts against the plaintiff; (2) the
2   defendant was motivated by his perception of plaintiff's race; (3) the plaintiff was harmed; and (4)
3   the defendant's conduct was a substantial factor in causing the plaintiff's harm.  *See Austin B. v.*
4   *Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 880-81 (Cal. App. 2007).

5         Miliano moves to dismiss this action on the basis that Woo, Montoya, Ubaldo, Khan,
6   Navarro, and Denton have not pled that they were threatened or assaulted on account of a
7   protected characteristic.  Plaintiffs argue that the Court already addressed the sufficiency of these
8   claims when it interpreted Miliano's first motion to dismiss to challenge only the workplace
9   violence claims of Brock, Dayekh, Denton, and Lao, and is now barred from reconsideration of its
10  decision by the "law of the case" doctrine.

11        Contrary to Plaintiffs' contention, the Court's June 1st order on the seventh cause of action
12  did not pertain to all Plaintiffs.  Rather, the order expressly examined dismissal as to specific
13  Plaintiffs and on two bases: (1) Denton, Ubaldo, and Montoya's failure to allege that they were
14  threatened; and (2) Brock, Lao, and Dayekh's failure to allege that they were threatened based on
15  a protected status or protected activity.  *Brock*, 2015 WL 3466543, at *8.  The Court held that
16  Denton, Brock, Lao, and Dayekh did not state a claim to survive a motion to dismiss, but that
17  Ubaldo and Montoya's claims survived.  *Id.*  The Court did not make any findings as to Woo,
18  Khan, and Navarro.  Accordingly, the law of the case doctrine is not a bar here.  *See Simmons*
19  *First Nat'l Bank v. Lehman*, No. 13-CV-02876-DMR, 2015 WL 1737879, at *3 (N.D. Cal. Apr.
20  10, 2015) ("Application of the doctrine is discretionary, and '[t]he issue in question *must have*
21  *been decided explicitly* or by necessary implication in the previous disposition.'" (quoting *Hall v.*
22  *City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012) (emphasis added)).

23        Here, the TAC alleges that Defendant Miliano threatened Woo, Ubaldo, Navarro, and
24  Montoya with violence, *see* TAC ¶¶ 139, 145, 164, and that Miliano's conduct was motivated by
25  racial animus or other protected characteristics, *id.* at ¶ 236.  Moreover, the Court finds that
26  Denton has alleged sufficient facts establishing both that she was threatened with violence and that
27  the threats were motivated, at least in part, by her gender, *id.* at ¶¶ 109-10, 237.  Accordingly, the
28  Court **DENIES** the motion to dismiss the seventh cause of action as to Plaintiffs Woo, Montoya,

Ubaldo, Navarro, and Denton.

The Court, however, **GRANTS** the motion with prejudice as to Plaintiff Khan. Although the TAC alleges that Defendant Miliano threatened Khan, *see id.* at ¶ 160, there is no allegation that the threat was motivated by racial animus or other protected status. Rather, according to the TAC, Miliano's threat was motivated by Khan's refusal to agree not to contact General Manager Greg James, and to only speak to Miliano, *see id.*

### E. Fifteenth Cause of Action: Constructive Trust

The Concord Defendants move to dismiss the fifteenth cause of action for a constructive trust on the ground that, because Plaintiffs' conversion claims fail, there is no property to place into a constructive trust. Because the Court has determined that Plaintiffs' conversion claims against Lexus of Concord may go forward, the Concord Defendants' motion to dismiss this cause of action is **DENIED**.

### F. Seventeenth Cause of Action: Intentional Infliction of Emotional Distress

All Defendants move to dismiss the intentional infliction of emotional distress ("IIED") claims of Montoya and Woo.

With respect to Plaintiff Woo, Defendants contend that because the IIED claim relies on a March 2013 incident, the claim is time-barred. *See* Cal. Civ. Code § 335.1; *Powell v. Wells Fargo Home Mortgage*, No. 14-CV-04248-MEJ, 2015 WL 4719660, at *7 (N.D. Cal. Aug. 7, 2015) (holding that the statute of limitations for IIED is two years). The Court agrees. Moreover, like the assault cause of action, the relation-back doctrine cannot save Woo's IIED claim. *See Quiroz v. Seventh Ave. Ctr.*, 140 Cal. App. 4th 1256, 1278 (2006) (requiring the amended complaint to rely on the "same general set of facts"). Although Defendant Miliano's behavior towards Woo was at issue in the earlier complaints, Defendants did not have notice of the factual allegations now alleged under this cause of action. Because the IIED allegations do not stem from the "same general set of facts," the IIED claim does not relate back. Accordingly, the Court **GRANTS** Defendants' motion to dismiss Woo's IIED claim.

Defendants also move to dismiss Montoya's claim for failing to allege sufficiently outrageous conduct to state a claim for IIED. The Court disagrees. While Montoya does not

9

claim that Miliano threatened him with death, he does allege that Miliano "constantly" threatened to "kick his ass" and "take care of business" and told him about the guns, knives and swords he owned, plausibly creating the inference that he would do more serious damage.  He also taunted Montoya with racist insults on a daily basis for six months.  Such allegations survive the hurdle at the motion to dismiss stage.  *See Slaughter v. Legal Process & Courier Serv.,* 162 Cal. App. 3d 1236, 1248 (1984) ("Where reasonable men may differ, it is for the jury, subject to the control of the court, to determine whether, in the particular case, the conduct has been sufficiently extreme and outrageous to result in liability.").  Accordingly, the Court **DENIES** Defendants' motion to dismiss Montoya's IIED claim.

### G. Twentieth Cause of Action: Loss of Consortium

Both Defendants move to dismiss the loss of consortium claim pled by Teresa Brock and Wissam Halhoul, arguing that (1) the injuries sustained by Mrs. Brock and Mrs. Halhoul's husbands must be physical in order to trigger a loss of consortium claim; and (2) the complaint alleges legal conclusions instead of facts.  However, in their reply briefs, the Concord Defendants and Defendant Miliano concede that a plaintiff may state a claim for loss of consortium based on emotional injuries. Dkt. No. 85 at 4-5; Dkt. No. 86 at 5-6.  Accordingly, the Court will only address the Defendants' second argument.

"To support a loss of consortium claim, marital spouses must allege that their partner suffered an injury that is 'sufficiently serious and disabling to raise the inference that the conjugal relationship is more than superficially or temporarily impaired.'"  *Estate of Tucker ex rel. Tucker v. Interscope Records, Inc.*, 515 F.3d 1019, 1039 (9th Cir. 2008) (quoting *Molien v. Kaiser Found. Hosp.*, 27 Cal.3d 916 (1980)).  "The injury may be physical or psychological, but psychological injury must 'rise [ ] to the level of a neurosis, psychosis, chronic depression, or phobia [to be] sufficient to substantially disturb the marital relationship.'" *Id.* (alterations in original).

The Court finds that the TAC, viewed in the light most favorable to the Plaintiffs, sufficiently describes psychological injury and mental harm to raise the reasonable inference that the marital relationships were more "than superficially or temporarily impaired." *See Anderson v. Northrop Corp.*, 203 Cal. App. 3d 772, 781 (Ct. App. 1988).  The TAC alleges that Mr. Dayekh's

obsession with securing the house and protecting his family was so disabling that it affected his marital relationship. *See, e.g.*, TAC ¶ 311. Mr. Dayekh was obsessed with securing the house; he had nightmares that Miliano was going to find and kill him. *Id.* He could not sleep, and his fear was so severe that he would hear bullets around him. *Id.* These allegations raise a reasonable inference that Mr. Dayekh suffered a form of "neurosis, psychosis, chronic depression, or phobia," that prevented him from providing companionship, emotional support, and love to his wife. *See Anderson*, 203 Cal. App. 3d at 780. Similarly, the TAC's allegations are sufficient as to Mr. Brock. The TAC alleges that he suffered from a "phobia" that Miliano was going to kill him; his fear was so severe that he moved his family, hid them in the mountains, and only returned to the Bay Area to find work. These allegations provide more than a reasonable inference that each spouse's severe emotional distress and phobia prevented him from providing "companionship, solace, comfort, joy, and healthy experiences of marital life to" his wife. *See* TAC ¶ 310. At this stage of the litigation, Plaintiffs have alleged sufficient facts to survive a motion to dismiss. *See also Molien*, 27 Cal. 3d at 933 ("When the injury is emotional rather than physical, the plaintiff may have a more difficult task in proving negligence, causation, and the requisite degree of harm; but *these are questions for the jury*, as in all litigation for loss of consortium." (emphasis added)).

### H. Twenty-First Cause of Action: Negligence

Finally, all Defendants move to dismiss Plaintiffs' negligence cause of action on the ground that the conduct alleged in the TAC is intentional, and thus cannot support a claim for negligence.

The Court agrees with Defendants that Plaintiff's "formulaic recitation of the elements of [negligence] will not do." *See Twombly*, 550 U.S. at 555 (2007). The TAC makes the following broad allegation as to Miliano: (1) he had a duty not to cause Plaintiffs severe emotional distress, anxiety, fear, and depression, and (2) he breached that duty "by engaging in the conduct described throughout this complaint[,] . . . includ[ing] the rampant use of racial, sexual and homophobic comments and statements directed at the Plaintiffs." TAC ¶ 323. Plaintiffs needed to allege factual allegations beyond mere legal conclusions, specifying the specific negligent conduct of Miliano against each Plaintiff. Similarly, with respect to the Concord Defendants, the allegations

are also formulaic. *See, e.g.*, TAC ¶¶ 314-22. Additionally, the complaint fails as to both Defendants, because it does not allege facts that evince negligent conduct, and instead characterizes the Defendants' conduct as intentional. *See, e.g.*, TAC ¶ 315 (alleging that Defendant issued "pay stubs that included false representations regarding the amount of Spiff funds paid to Plaintiffs"); *see Brown v. Fresno Unified Sch. Dist.*, No. 1:12-CV-01597-AWI, 2012 WL 5381417, at *10 (E.D. Cal. Oct. 31, 2012) (holding that a negligence cause of action "does not contemplate intentional wrongdoing"); *see generally Rhodes v. Placer Cty.*, No. 2:09-CV-00489 MCE, 2011 WL 1302240, at *12 (E.D. Cal. Mar. 31, 2011) (distinguishing the intentional tort of battery from a cause of action that sounds in negligence), report and recommendation adopted, No. 2:09-CV-00489-MCE, 2011 WL 1739914 (E.D. Cal. May 4, 2011).

Plaintiffs needed to allege facts showing non-intentional conduct to establish negligence. Their failure to do so strongly suggests that they have "made their best case and ha[ve] been found wanting." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009), as amended (Feb. 10, 2009). As this is Plaintiffs' third attempt to adequately state a claim for negligence and Plaintiffs have failed again to plead sufficient facts, the Court finds that further leave to amend would be futile. *See Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (noting that a district court's discretion to deny leave to amend is "particularly broad" when it has afforded plaintiff one or more opportunities to amend). Accordingly, the Court **GRANTS** Defendants' motions to dismiss with prejudice.

## IV. CONCLUSION

In sum, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motions to dismiss the TAC, Dkt. Nos. 81, 82. The parties shall appear for a further case management conference on March 15, 2016 at 2:00 p.m.

**IT IS SO ORDERED.**

Dated: 3/3/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge